## In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

CONNELL KOGER,
Defendant

Criminal Complaint

CASE NUMBER: 08-96M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about _June 1, 2008,_ in the District of Delaware, Defendant CONNELL KOGER did knowingly possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, in violation of Title ___18___ United States Code, Section(s) _922(g)(1) and 924(a)(2)._

I further state that I am sworn as a _Special Deputy U.S. Marshal and am assigned to the ATF_ and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

David Rosenblum
Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

June 2, 2008                              at           Wilmington, DE
Date                                                   City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                       Signature of Judicial Officer

AFFIDAVIT OF PROBABLE CAUSE: ATF Task Force Officer and Special Deputy U.S Marshal David C. Rosenblum

Your affiant Detective David C. Rosenblum has been a Wilmington Police Officer for approximately 10 years and is currently assigned as a Task Force Officer (TFO) with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), whose duties include the investigation into firearms offenses committed in Wilmington, Delaware. Your Affiant has been authorized to seek and execute arrest and search warrants supporting a federal task force through Deputization by the United States Marshal's Service. During this Officer's employment as a Law Enforcement Officer, Your Affiant has authored in excess of 400 felony arrests warrants for crimes, most of which involved illegal narcotics and firearms. Prior to Your Affiant's current assignment, this Officer was assigned to the Wilmington Police Drug, Organized Crime, and Vice Division, Operation Safe Streets Task Force where your affiant has conducted over an estimated 1000 investigations into illegal narcotics and/ or firearms offenses whereby, this Officer seized numerous weapons along with large amounts of narcotics and suspected drug proceeds. During Your Affiant's tenure as a Law Enforcement Officer, Your Affiant has received over 275 days of training from the DOJ, FBI, ATF, DEA, DSP, WPD, DOC, Royal Canadian Mounted Police, North East Counter Drug Training, Homeland Security, California Highway Patrol and other law enforcement agencies. Your Affiant has been qualified in Delaware Superior Court and Federal Court, District of Delaware to provide expert testimony on the intent to distribute controlled substances and has testified as an expert in approximately 20 felony drug trials. During the course of previous investigations, Your Affiant has had conversations with federal agents and law enforcement officers with knowledge and/ or expertise in firearms offenses dealing with interstate nexus of firearms crossing state lines thereby affecting interstate commerce.

1. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and conversations with other Wilmington Police Officers. Because this affidavit is solely for establishing probable cause, not all facts related to this investigation are included herein.

2. On 1 June 2008, WPD officers conducted a consent search in a residence located in the City of Wilmington, State and District of Delaware. The following incident was described to Your Affiant by Wilmington Police Officers having personal knowledge with the incident.

3. During the search of the residence, an officer seized a Model R.G. 14, 22 caliber revolver bearing serial number L646293 containing 6 rounds in the cylinder. The firearm was inspected by Your Affiant (TFO Rosenblum.)

4. Your Affiant responded to WPD and spoke with the investigating officers. An officer involved reported that he issued the Defendant CONNELL KOGER his Miranda Warning on 1 June 2008 at 0308 hours at which time the defendant verbally waived Miranda and provided an oral and written statement. The statement contained in part that the defendant's mother owned the gun but passed away in 2001. He then came into possession of the firearm and kept it under his bed for protection. The written statement also states in part "l know l wasn't supposed to have it" and further that the defendant resides alone in the residence.

5. Your Affiant then conducted a second interview with the defendant in the WPD Turnkey. Your Affiant issued Miranda a second time to the defendant at 0355 hours at which time the defendant again verbally waived his Miranda and reiterated to Your Affiant that he came into possession of the firearm after his mother's death. During the interview Your Affiant queried the defendant regarding his providing officers verbal consent to search. The defendant initially stated the officers did not have consent and barged their way through the door. Your Affiant, after having spoken to at least 2 officers who were present during the incident and who advised Your Affiant the firearm was recovered as a result of a consent to search, discussed with the defendant the benefits of remaining cooperative and honest versus becoming adversarial and being deceptive. The defendant then shrugged his shoulders and shook his head up and down indicating (yes) and stated "l said they could search" and acknowledged that he gave verbal consent for the officers to search his residence for the firearm although he had hopes that they would not find the firearm.

6. Your Affiant reviewed the Delaware Justice Information System Database (DELJIS) and verified that CONNELL KOGER has a single previous felony conviction for Possession of a Schedule I Controlled Substance within 1000 Feet of a School in New Castle County Superior Court on or about 11/4/02. Your Affiant knows that this conviction is punishable by imprisonment for a term of exceeding 1 year.

7. Your Affiant personally inspected the above mentioned seized firearm. From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant believes that the above described weapon is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state or country other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed United States and/ or state boundaries prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate or foreign commerce.

requests that the Court issue a Criminal Complaint charging this offense.

_____
David C. Rosenblum
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence
this 2 day of June 2008

_____
The Honorable Mary Pat Thynge
United States Magistrate Judge